IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HERBERT DARRELL HAY, §
TDCJ-CID NO.263672, §
     Plaintiff, §
v. §   CIVIL ACTION NO. H-09-4075
 §
RICK THALER, *et al.*, §
     Defendants. §

ORDER

On March 7, 2011, the Court denied plaintiff's motion for summary judgment, granted defendants' motion for summary judgment, and dismissed plaintiff's civil rights complaint with prejudice. (Docket Entry No.57). On April 26, 2011, the Court dismissed plaintiff's Motion to Alter or Amend Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No.73). Pending is plaintiff's Motion for Relief from Judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No.80).

Under Rule 60(b) a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying

relief from the operation of the judgment." FED. R. CIV. P. 60(b).

A liberal construction of plaintiff's motion reflects that he seeks relief from judgment under Rule 12(b)(1), on the ground of mistake. In the Fifth Circuit, Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." Hill v. McDermott, Inc., 827 F.2d 1040, 1043 (5th Cir. 1987).

Plaintiff complains that the Court dismissed the University of Texas Medical Branch ("UTMB") because it had not been served with process even though plaintiff sought service on all defendants, including UTMB. (Docket Entry No.80). The Court, however, did not order service of process on UTMB. (Docket Entry No.12). Instead, the Court dismissed plaintiff's claims against UTMB under 28 U.S.C. § 1915A(b). (Docket Entry No.57, page 19). Section 1915A(b) authorizes dismissal if the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. Suits against state agencies, like UTMB, are clearly within the ambit of 28 U.S.C. § 1915A. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Therefore, plaintiff fails to show judicial error apparent on the record.

To the extent that plaintiff requests this Court to vacate its judgment and allow him to amend his complaint to seek relief

2

against UTMB employees in their official capacities, such relief is DENIED. Plaintiff explicitly noted in his amended complaint and motion for summary judgment that he sued Rick Thaler as successor to Nathaniel Quarterman in his official capacity and no other. (Docket Entries No.29, page 3; No.46, page 12). The Court did not err in addressing claims against defendants in the capacities specified by plaintiff in his pleadings.

Plaintiff fails to show any entitlement to relief under Rule 60(b). Accordingly, his Motion for Relief from Judgment (Docket Entry No.80) is DENIED.

SIGNED at Houston, Texas, on *October 5*, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE